07-3221-cv
Drolett v. DeMarco

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of June, two thousand ten.

Present:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

---

R. JAY DROLETT,

> *Plaintiff-Appellee,*

-v.-                                                       No. 07-3221-cv

EDWARD J. DEMARCO, JR., RICHARD SHERMAN, LINDA SINISGALLO,
MARK SIMMONS, LORRAINE DEVANNEY, JAMES BARTON AND TOWN OF EAST WINDSOR,

> *Defendants-Appellants.*

---

**FOR APPELLEE:**          MARC P. MERCIER (Kathleen Eldergill, *on the brief*), Beck & Eldergill, P.C., Manchester, CT.

**FOR APPELLANT:**          JOSHUA A. HAWKS-LADDS, Pullman & Comley, LLC (Scott M. Karsten, Karsten, Dorman, & Tallberg, *on the brief*) Hartford, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

1

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** the order of the District Court is **REVERSED**.

Defendants Edward J. DeMarco, Jr., Richard Sherman, Linda Sinisgallo, Lorraine DeVanney, James Barton, Town of East Windsor, and Mark Simmons (collectively, "defendants") appeal from a June 26, 2007 order of the District Court denying their motion for summary judgment on the basis of qualified immunity. We assume the parties' familiarity with the facts and procedural history of this case.

Under the collateral order doctrine, we have jurisdiction to review a denial of qualified immunity "to the extent that the district court has denied the motion as a matter of law." *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir. 2003). We review the District Court's denial of qualified immunity *de novo*. *See Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007).

In deciding whether to grant a government official's motion for summary judgment on qualified immunity grounds, we first consider whether the official's conduct violated a constitutional right. *See Gilles v. Repicky*, 511 F.3d 239, 244 (2d Cir. 2007). If a plaintiff's rights were violated, we then decide whether the right at issue was "clearly established" at the time of the official's alleged misconduct. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). "If the conduct did not violate a clearly established constitutional right, or if it was objectively reasonable for the [official] to believe that his conduct did not violate such a right, then the [official] is protected by qualified immunity." *Gilles*, 511 F.3d at 244. In determining if qualified immunity should be granted, we may consider first either step of the two-step inquiry. *See Pearson*, 129 S. Ct. at 821 (*abrogating in part Saucier v. Katz*, 533 U.S. 194 (2001)).

Here, we move immediately to the second step of the qualified immunity analysis. We therefore consider whether plaintiff's rights were "clearly established" at the time defendants disciplined Drolett. In *Garcetti v. Ceballos*, the Supreme Court held that speech of a public employee is not protected by the First Amendment if that speech was made pursuant to the employee's official duties. 547 U.S. 410, 421 (2006). Here, though Drolett had a duty to raise his concerns about the management of the police department within the chain of command, he did not do so. Instead, he raised his concerns outside the chain of command. Had Drolett raised his concerns within the chain of command, that speech likely would have been made "pursuant to [his] official duties," and therefore not protected by the First Amendment. *See Garcetti*, 547 U.S. at 421. The courts have yet to consider whether speech that would not enjoy First Amendment protection if made pursuant to an official duty can claim such protection when made in violation of that duty. We therefore conclude that even if the actions of defendants did violate Drolett's First Amendment rights, those rights were not clearly established at the time of the discipline. Accordingly, we conclude that defendants are entitled to qualified immunity.

2

## CONCLUSION

For the reasons stated above, the June 22, 2007 order of the District Court is **REVERSED** and the cause is **REMANDED** to the District Court for the entry of judgment in favor of defendants.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk